IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


SUSAN L. GEORGE,                                                                                    PLAINTIFF

v.                                              Case No. 6:06-cv-6039

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                             DEFENDANT


**<u>MEMORANDUM OPINION</u>**

Plaintiff, Susan L. George, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits (DIB), under the provisions of Title II of the Social Security Act (Act), and supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).

**1. Procedural Background:**

Plaintiff filed her applications for DIB and SSI on February 5, 2004, alleging an onset date of December 13, 2003. (Tr. 55-57).[2] Plaintiff's impairments included dysthymic disorder, osteoarthritis, and substance abuse. Plaintiff's applications were denied initially and on reconsideration. (Tr. 35-39, 43-44). Pursuant to Plaintiff's request, a hearing before an Administrative Law Judge (ALJ) was held on August 23, 2005. The Plaintiff was present and

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

represented by counsel, Richard Muse, at the hearing. Also testifying was Dianne Smith, a vocational expert (VE). (Tr. 213-230). After considering all of the evidence of record, the ALJ rendered a decision on October 25, 2005, finding Plaintiff was not disabled within meaning of the Act at anytime during the relevant time period. (Tr. 12-22). The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on June 15, 2006. (Tr. 4-6).

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160

F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding her not disabled. She claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984); the ALJ erred

by not finding Plaintiff has an impairment, or a combination of impairments, equal to one listed in 20 CFR §404.1501, et seq., Appendix 1; the ALJ presented a flawed hypothetical question to the VE; the ALJ failed to consider Plaintiff's lack of financial resources in obtaining medical treatment; and the ALJ erred by not considering Plaintiff's non-exertional limitations associated with her mental impairments. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints in accordance with *Polaski*; the Plaintiff does not have an impairment, or a combination of impairments, equal to one listed in 20 CFR §404.1501, et seq., Appendix 1; the ALJ properly considered Plaintiff's financial resources as it relates to her obtaining medical treatment; and the ALJ did consider Plaintiff's non-exertional limitations as it related to her mental impairments.

### A. *Polaski* Analysis

The Plaintiff claims the ALJ erred in his determination that Plaintiff's subjective complaints of pain were not fully credibility. The Plaintiff asserts the ALJ performed an improper *Polaski* evaluation. The Defendant argues there is substantial evidence in the record to support the ALJ's credibility determination.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). These five *Polaski* factors must be analyzed in light of the claimant's subjective complaints of pain and discomfort. The factors are: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See id.* at 1322. The ALJ is not required to methodically discuss each *Polaski* factor as long as the ALJ acknowledges and examines those factors before discounting the subjective complaints of the claimant. *See Lowe v. Apfel,* 226 F.3d 969, 371-72 (8th Cir. 2000).

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In this case, the ALJ did not simply discredit Plaintiff's subjective complaints without explanation. The ALJ properly applied the factors enumerated in *Polaski*, and determined based upon the record as a whole, that Plaintiff's complaints were not credible to the extent alleged.

The ALJ discussed Plaintiff's normal daily activities being inconsistent with her subjective allegations of pain. (Tr. 17). The ALJ noted Plaintiff performed activities of cleaning, shopping, and other errands. The ALJ noted that Plaintiff attended community college, including living in a dormitory, and had worked part-time as a hostess and salad bar worker in a restaurant. (Tr. 17). The ALJ properly found these activities inconsistent with a finding of inability to sustain work activity. (Tr. 17).

The ALJ discussed Plaintiff's lack of regular medical treatment and her use of only mild over-the-counter medication in discounting Plaintiff's complaints of pain. (Tr. 18). The ALJ found Plaintiff did not seek regular or frequent treatment, and failed to follow recommendations of treating doctors. A need for only conservative treatment indicates that the condition is not of disabling severity. *See Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). The ALJ also discussed that medication side-effects were not shown by the evidence. (Tr. 18). In fact, Plaintiff reported no

adverse effects with medications on a psychiatric evaluation report from the Hot Springs Rehabilitation Center dated August 4, 2004. (Tr. 173).

The ALJ considered the lack of objective evidence supporting Plaintiff's claims of debilitating pain. (Tr. 19). As the ALJ found, no treating or examining physician was of the opinion that Plaintiff was unable to work based on either a physical or mental condition. (Tr. 19). Nor, as the ALJ found, was there any evidence showing Plaintiff had a disabling functional restriction for basic physical work related activities. (Tr. 18).

The ALJ found an inconsistency between Plaintiff's hesitancy to move into a dormitory because she would not be able to consume alcohol and her reports that she had not used illicit drugs in many years with her statements to the consultative examiner as to binge drinking a couple of times a month and occasional use of marijuana. (Tr. 19, 133, 135, 173 ). The ALJ properly found these inconsistencies undermined the credibility of Plaintiff as it relates to her complaints of pain. (Tr. 19).

I find that the ALJ performed a proper analysis of the factors set forth in *Polaski*, and further find substantial evidence to support the ALJ's credibility determination regarding Plaintiff's subjective complaints.

### B. Listing of Impairments

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The record medical evidence shows, and the ALJ found, Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. (Tr. 14, 21). These impairments included osteoarthritis, dysthymic disorder and substance abuse. (Tr.103, 109, 119, 133, 135, 173-174, 177). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment or combination of impairments, meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff attempts to show she has a listed impairment and sets forth seventeen (17) diagnoses that appear throughout the record. (Doc. No. 8 pg. 7). However, Plaintiff fails to show her impairments meet or equal any specific listing. A diagnosis is not disabling *per se*. There must be a functional loss establishing an inability to engage in substantial gainful activity before a disability occurs. *See Trenary v. Brown*, 898 F2d 1361,1364 (8th Cir. 1990).

The ALJ throughly discussed Plaintiff's impairments and whether they meet any particular listing. (Tr. 14-16). Plaintiff's joint complaints were considered under Listing 1.02 and 1.04. Listing 1.02 requires evidence of a major dysfunction of a joint characterized by gross anatomical deformity, and chronic joint pain with signs of limitation of motion, and findings of joint space narrowing. Listing 1.04 requires compromise of a nerve root or the spinal cord. The ALJ properly found no medical evidence to support either of these listings.

### C. Improper Hypothetical to The Vocational Expert

Plaintiff argues the ALJ erred in presenting a flawed hypothetical to the VE because the

hypothetical did not consider Plaintiff's claims of limited use of her hands and osteoarthritis of her hands, hips and knees.   The Plaintiff has the burden of proving an inability to perform her past relevant work. The burden of proof shifts to Commissioner only after claimant carries initial burden of showing inability to perform past relevant work.  *See Barrett v. Shalala*, 38 F.3d 1019, 1024 ( 8th Cir. 1994).  An individual is not disabled if they retain the capacity to perform either their past relevant work as it was actually performed, or as it is generally performed in the national economy. *Evans v. Shalala*, 21 F.3d 832, 833-834 (8th Cir. 1994).

The regulations expressly provide that VE testimony may be considered in determining whether an individual can perform their past relevant work.  *See* 20 C.F.R. §§ 404.1560(b)(2) and 416.960(b)(2).  A hypothetical question need only include those limitations that the ALJ accepts as true.  *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994).

The ALJ found Plaintiff had the RFC to perform work at the light exertion level.  The ALJ made this finding despite Plaintiff's complaints regarding her osteoarthritis. (Tr. 20).  The ALJ asked a hypothetical of the VE which included those limitations he found as true.  The limitations included  work requiring no more than superficial and routine interpersonal contact where the tasks are learned by experience with several variables and required little supervision for routine tasks, but detailed supervision for non-routine tasks.  (Tr. 22).

I find no error in the hypothetical questioned posed by the ALJ to the VE.  The ALJ included those limitations he found as true and substantial evidence in the record supports his findings in this regard.

**D. Plaintiff's Lack of Financial Resources**

Plaintiff argues the ALJ failed to consider Plaintiff's lack of financial resources as it related to Plaintiff's obtaining medical treatment. Economic justifications for the lack of treatment or compliance with treatment can be relevant to a disability determination. *See Tome v. Schweiker*, 724 F.2d 711 (8th Cir. 1984). However, the ALJ did consider Plaintiff's allegations of financial limitations and properly found theses limitations did not prevent Plaintiff from obtaining medical treatment. (Tr. 18). The ALJ found Plaintiff failed to show there had been any unsuccessful attempt to get medical treatment or medication through other sources, including charity, church or social service agencies. (Tr. 18). Plaintiff had established relationships with several treating physicians and used state vocational and charity services for medical care, including the Charitable Christian Medial Clinic of Hot Springs, AR.   (Tr. 103-121).

The ALJ properly found that Plaintiff's lack of treatment and use of medication was not caused by financial constraints.

### E.   Non-exertional Limitations

Plaintiff argues the ALJ erred by not considering Plaintiff's non-exertional limitations associated with her mental impairments. In fact, Plaintiff states the ALJ gave no consideration to the evidence in the record which showed Plaintiff suffered from severe non-exertional limitations associated with her mental impairments. (Doc. No. 8 pg. 14). However, the ALJ's decision shows he did in fact consider these limitations in making his RFC assessment.

The ALJ determined Plaintiff was limited to work requiring no more than superficial and routine interpersonal contact where the tasks are learned by experience with several variables. (Tr. 20). The ALJ further found Plaintiff was able to use judgment within limits and required little supervision for routine tasks, but needed detailed supervision for non-routine tasks. (Tr. 20). In

making this finding, the ALJ considered Plaintiff's treatment from the Charitable Christian Medical Clinic with prescriptions for her alleged bipolar symptoms through October 2003, with the last prescription filled on October 29, 2003.  (Tr. 103-104). The ALJ also found Plaintiff's only subsequent treatment and medication for mental symptoms was during the period from August through October 2004, when Plaintiff was receiving treatment from the Hot Springs Rehabilitation Center. (Tr. 173-181).  As the ALJ also mentioned, Plaintiff was observed to have only mild symptoms of anxiety and a mildly depressed mood.  (Tr. 15).

The ALJ properly considered Plaintiff's alleged non-exertional limitations.

**4. Conclusion:**

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ.  Accordingly, the Commissioner's decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this  **6th day of July, 2007.**

/s/  Barry A. Bryant
HON.  BARRY  A.  BRYANT
U. S. MAGISTRATE JUDGE